lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG A. GRIDDINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-2488-JAR-DWB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

The Commissioner of Social Security denied plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and the Magistrate Judge, the Honorable Donald W. Bostwick, issued a Report and Recommendation (Doc. 19) on February 13, 2009, which recommended the Commissioner's decision be affirmed. This matter is currently before the Court on plaintiff's Objections (Doc. 20) to the Report and Recommendation and defendant's Response (Doc. 21) to plaintiff's objections.

The standards the Court must employ when reviewing objections to a report and recommendation are clear.[1] Only those portions of a report and recommendation identified as objectionable will be reviewed.[2] Those parts of the report and recommendation to which there

---

[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); *Gettings v. McKune*, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

has been no objection are taken as true and judged on the applicable law.[3]  The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[4]

The Court has conducted a *de novo* review, considering the relevant evidence of record, and agrees with Magistrate Judge Bostwick's finding that the ALJ's credibility and RFC determinations should be affirmed.  Judge Bostwick appropriately examined the ALJ's findings in light of the well recognized *Luna*[5] factors for evaluating subjective testimony regarding symptoms, as well as the factors for evaluating credibility under the regulations promulgated by the Commissioner.  As Judge Bostwick explained, these regulations largely overlap and expand on the same factors set forth in *Luna*.

Plaintiff objects to those portions of the Report and Recommendation that upheld the ALJ's evaluation that plaintiff's subjective complaints of fatigue and depression that necessitated lying down were not credible and consequently upheld the ALJ's determination that plaintiff is not disabled and denying his applications.  Specifically, plaintiff takes issue with this statement in the Report and Recommendation: "Plaintiff's reports of fatigue to medical personnel is consistent with his hearing testimony to that effect, but the medical records are inconsistent with plaintiff's testimony that his fatigue requires him to lie down one and one-half hours each work day."[6]  Plaintiff contends that neither Magistrate Bostwick nor the Commissioner provided any

---

[3]*Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005).

[4]*See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

[5]*Luna v. Bowen*, 834 F.2d 161-166 (10th Cir.1987).

[6](Doc. 19 at 13.)

rationale as to how this is inconsistent, arguing that "it is quite reasonable that Plaintiff's diabetes, depression and/or sleep apnea could all contribute to him needing to lie down due to fatigue."[7] In support of this, plaintiff cites the Administration's own medial examiner, Bruce W. Bean, Ph.D., who noted that plaintiff complained that he had various physical difficulties that kept him from being able to work, including diabetes, which caused fatigue.[8]

Plaintiff misconstrues the context of the above statement by omitting Judge Bostwick's explanation that precedes it. The entire section of the Report and Recommendation in which the objectionable statement appears, and which explains the inconsistency, reads as follows:

> As reason four in support of his credibility finding, the ALJ stated that there is no indication in the medical records to substantiate plaintiff's allegation of a medical need to lie down one and one-half hours daily due to fatigue. Plaintiff claims that his testimony and his complaints to medical care givers of fatigue and of a need to lie down are sufficient indication to support his allegation. . . . **As plaintiff argues, he reported to medical personnel that he is fatigued. The ALJ noted that plaintiff had reported fatigue to Dr. Bean. However, as the ALJ found, there is no medical opinion or indication in any medical records that plaintiff needs to lie down one and one-half hours during each workday, or even that he must lie down for a short period during the workday.** Plaintiff's reports of fatigue to medical personnel is consistent with his hearing testimony to that effect, but the medical records are inconsistent with plaintiff's testimony that his fatigue requires him to lie down one and one-half hours each workday. The ALJ is permitted to rely on this inconsistency in evaluation the credibility of plaintiff's allegations. The court finds no error in reason four.[9]

Plaintiff's argument that there is no rationale provided regarding the inconsistency is

---

[7](Doc. 20 at 2.)

[8](R. 208.)

[9](Doc. 19 at 12-13) (emphasis added) (citations omitted).

3

without merit.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[10] The mere existence of reports of fatigue in the record does not mean the ALJ was required to accept plaintiff's unsupported allegation of the need to lie down each day due to his reported fatigue.  While diabetes, depression and sleep apnea could cause a claimant fatigue, the Court finds that substantial evidence in the record as a whole supported the ALJ's finding in this case that these conditions did not result in the need to lie down each day for one and one-half hours.

For these reasons, plaintiff's objections are overruled and the Court accepts the February 13, 2009 Report and Recommendation and adopts it as its own.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Bostwick (Doc. 20) is overruled.

**IT IS FURTHER ORDERED** that the February 13, 2009 Report and Recommendation (Doc. 19) shall be adopted by the Court as its own.  The decision of the Commissioner is affirmed.

**IT IS SO ORDERED.**

Dated:  March 24, 2009

    S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); (Doc. 19 at 10-11.)